conduct cannot be justified, if his intention was thereby unreasonably to delay payment to the agent, and thus to create an impossibility of his receiving the amount on that day. I go farther and hold, that if in fact, by such conduct, the payment of the amount on the day of demand was necessarily defeated, it comes within the provision of the act, whether there was a wrongful intention or not. It was a neglect to pay, and occasioned by the want of due diligence on the part of the officers of the bank. The jury will consider, if necessary, in their view of the case, whether the cashier did not intentionally count over the small change for the mere purpose of delay and to avoid payment. The circumstances are so strong to lead to this conclusion, that little more is necessary than to recapitulate them.

But this point is the less necessary to be considered, because by the laws of the United States, foreign gold and silver coins are not a tender except by weight. The cashier therefore has no authority to make a tender of them by the bank count; and it is obvious, that if payment had been made by weight, the whole business might have been transacted in a very few minutes.

But what seems decisive in the case is, that in point of fact, no tender was made of the amount of the bills. The demand was of the whole amount of 3,000 dollars; there was no count of any specie even to the amount of 1,000 dollars. It has been intimated that each bank-bill should have been separately presented for payment and separately paid. But there is no foundation in law for that suggestion. The holder had a right to demand the whole at once as an aggregate sum, and the bank was bound to pay the whole. Then as there was a due demand, and no money to the amount paid, or tendered in payment, what ground can there be to say that the bank has not refused or neglected payment of its bills? The agent did not waive the receipt of the money, but on the contrary offered to receive it at the count of the bank, and was suffered to depart without payment.

These are the views of the law as applicable to the facts, which I deem it proper to present to the jury. But I am willing to put the case as it was put in the argument, upon somewhat narrower grounds;— first, whether the sum in controversy might not have been reasonably paid within the banking hours of the day, on which it was demanded; secondly, whether there was not an unreasonable delay of payment on the part of the officers of the Lincoln Bank; and thirdly, drawing the legal conclusion from the other points, whether, under all the circumstances, there was not, on the part of the Lincoln Bank, a refusal or neglect to pay the bills within the true sense of the act.

Verdict for the plaintiffs with the two per cent. damages.

## Case No. 13,591.

### SUFFOLK BANK v. MERRILL.

[Cited in Case of Snow, Case No. 13.143. Nowhere reported; opinion not now accessible.]

---

## Case No. 13,592.

### SUFFOLK BANK v. MERRILL.

[Cited in Sumner v. Marcy, Case No. 13,609, and in Ex parte Snow, Id. 13.143. Nowhere reported; opinion not now accessible.]

---

SUFFOLK BANK (MESNER v.). See Case No. 9,493.

SUFFOLK INS. CO. (POTTER v.). See Case No. 11,339.

SUFFOLK INS. CO. (WILLIAMS v.). See Cases Nos. 17,738 and 17,739.

SUFFOLK MANUF'G CO. (HAYDEN v.). See Case No. 6,261.

SUKELEY (JOHNSON v.). See Case No. 7,414.

---

## Case No. 13,593.

### SULIVAN v. BROWNE.

[2 Wash. C. C. 204.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

PRACTICE AT LAW—RULE TO TRY.

Where no declaration or plea has been filed, a rule to try or non pros. cannot be enforced.

In this suit, which was marked for trial at a preceding term, though neither declaration nor plea was filed; a rule to try or non pros. was entered.

Meredith now moved to enforce the rule, and read a case from Dallas's Reports in the supreme court of Pennsylvania, in which the rule was enforced, though no plea was put in.

BY THE COURT. The rule is in the alternative, that the plaintiff shall try the cause, or be nonsuited. He has a right to say he will try, rather than be nonsuited; and how can we accept his offer to try, when the cause is not in a state for trial? To say that he shall be nonsuited. unless he do what the court will not permit, is to take away the alternative. Were the plaintiff to offer to file a declaration now, still the cause could not be tried without a rule to plead, and a plea filed, and jury struck, or venire issued; but under another rule of this court, made in 1806, all rules to plead, are to be given from month to month in the clerk's office; and were we to allow a rule to be taken here, we should violate that rule.

Meredith then moved for a rule on defendant to plead in a month.

BY THE COURT. As the rule laid down in 1806, seems strangely to have been neg-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]